HJELLE, Respondent, v. NICHOLSON, Appellant

(55 N. W.2d 607)

(File No. 9321. Opinion filed November 18, 1952)

**Howard B. Crandall,** Sioux Falls, for Appellant.
**Bogue & Masten,** Canton, for Respondent.

RUDOLPH, J.  Plaintiff, a pedestrian, was struck by a car driven by defendant as plaintiff was crossing Minnesota Avenue in Sioux Falls.  The jury returned a verdict in favor of plaintiff and defendant has appealed.

The facts viewed in their light most favorable to plaintiff are as follows: Plaintiff lived on the west side of Minnesota Avenue about one-half block south of 14th Street. She worked in downtown Sioux Falls and each morning rode the bus to her place of employment.  The bus stop was at the southeast corner of the intersection of Minnesota Avenue and 14th Street.  This intersection is controlled by a "Stop and Go Light".  On the morning of the accident she left her home and walked north on the west side of Minnesota to 14th Street.  When she arrived at the intersection the red light was against her crossing Minnesota Avenue.  She waited for the green light, and as she was waiting observed the traffic approaching the intersection, she also raised an umbrella as there was a misty rain.  Neither the umbrella nor the rain interfered with her vision.  No traffic was approaching from the north but she observed a car approaching from the east about the middle of the block.  With the green light she started east across Minnesota and again observed the car coming from the east.  She crossed the center line of Minnesota Avenue, looked to the south for the bus and approaching traffic, and as she was looking to the south was struck by defendant's car.  Defendant approached the intersection from the east and turned south on Minnesota Avenue driving at 10 to 15 miles an hour.  He did not see

plaintiff until he struck her. Plaintiff was wearing a red coat and carrying a red umbrella.

The record presents a single question. As stated by appellant this question is: Was plaintiff guilty of more than slight contributory negligence as a matter of law?

Plaintiff had the right of way. SDC Supp. 44.0318. We may concede that this right did not absolve plaintiff from exercising ordinary care for her own safety. However, plaintiff was crossing on the green light, she looked for approaching traffic and observed a car approaching from the east, one-half block away, which she observed a second time, and which the jury could reasonably find was the car of defendant as there is no evidence of any other car approaching from that direction. As she crossed the center line of the street ordinary care would dictate that she looked to the south. This she did. Certainly at this point she was privileged in assuming that she would not be run down by a car approaching from the east and turning south, at least the . jury might so find. Not only did she have the right of way but she was at a point where it would be unlawful for such car to travel. She could not look both ways at the same time. There was no error in submitting to the jury the question of whether she exercised ordinary care for her own safety. Bock v. Sellers, 66 S. D. 450, 285 N.W. 437.

Being of the view that the jury might reasonably find plaintiff was not negligent in any degree, it follows that she was not guilty of more than slight contributory negligence as a matter of law, which is appellant's contention.

The judgment appealed from is affirmed.

All the Judges concur.